## DISSOLUTION OF CORPORATIONS—PLEADING AND PRACTICE.

[Cuyahoga Circuit Court, February 5, 1900.]

Caldwell, Marvin and Hale, JJ.

### HERMAN J. FITCH ET AL. v. SPRAGUE CARRIAGE CO. ET AL.

**1. INSUFFICIENCY OF PETITION FOR DISSOLUTION OF A CORPORATION.**

A petition praying for the dissolution of a corporation, under sec. 5651, Rev. Stat., which fails to set out the accounts and inventories of such corporation, as required by sec. 5652, Rev. Stat., is incomplete, and the court has no authority to appoint a referee or make the order requiring parties to show cause under sec. 5654, Rev. Stat.

**2. PROCEEDINGS UNDER SEC. 5673, REV. STAT.**

When such petition is filed under sec. 5673, Rev. Stat., if a dissolution of the corporation will be beneficial to stockholders, the court may require the officers of the corporation within a reasonable time, to file the inventories, accounts and statements required by sec. 5652, Rev. Stat., and the court has no authority to make any order under sec. 5654, Rev. Stat., until such inventories, accounts and statements are filed.

**3. PETITIONERS HAVE RIGHT OF ACCESS TO BOOKS.**

It is within the power of the court to give the petitioners asking for the dissolution of a corporation access to the books of the corporation, so as to enable them to furnish the facts, which they are required to set forth in their petition under sec. 5652, Rev. Stat. Therefore, an excuse cannot be substituted for that which the statute provides shall be done.

ERROR to the Court of Common Pleas of Cuyahoga county.

CALDWELL, J.

The plaintiffs in error filed their petition in the common pleas court for the purpose of dissolving the Sprague Carriage Company, a corporation under the statutes of the state.

The petition was filed for the action of the court as prescribed in secs. 5651 and 5652, Rev. Stat., and a few of the following sections thereafter.

The petition sets out several of the things required by the statutes, but did not set out the accounts required by sec. 5652, Rev. Stat., and then called upon the court to make an order under sec. 5654, Rev. Stat., for persons to show cause before the referee to be then appointed, and an application was then made for the appointment of a referee and the court refused to appoint for the reason that the requirements of sec. 5654, Rev. Stat., in order that the court might make an order, were not complied with in the petition, in that the accounts and inventories were not in the petition nor brought before the court in any other manner.

Thereafter an amendment was made to the petition, in which it was sought to bring the proceeding within the requirements of sec. 5673, Rev. Stat., and after the filing of the amendment to the petition the motion for an order from the court was brought on for hearing, and the motion asked for the order prayed for in the original petition herewith, and for such other orders and judgments as prayed for by the plaintiffs, and if this court should be of the opinion that said plaintiffs are not entitled to the orders prayed for, then that the rights of these plaintiffs be protected in the premises, and the court proceed to render such other orders and judgments as may be right and proper under the petition of the plaintiffs,

The prayer to the petition was as follows:

"The plaintiffs pray that this court order and require all persons interested in said corporation to show cause, if any they have, why it should not be dissolved before some referee, master or commissioner appointed by the court and to be named in the order, and at the time and place specified, as provided by statute, and that said master may be required to take testimony and report with all convenient speed to the court, with a statement of the property, debts, credits and engagements of the corporation, and all other matters pertaining thereto; and that the court may find that it would be beneficial to the honest stockholders of said corporation and not injurious to the public interest, that said corporation be dissolved by a judgment of this court, and one or more receivers be appointed of the estate and effects of said corporation; and that the matters connected with said corporation may be fully settled, and the proceeds, avails and property of said corporation be equally and justly divided, if any remains after the payment of the debts, among the stockholders therein, in proportion to the amount of stock held by each of them."

The amendment of the petition prays as in the original petition.

Section 5673, Rev. Stat., sets out certain matter that must be averred in the petition and prays for the dissolution of the corporation and, upon that petition coming before the court, the statute prescribes that the court shall, if it deem it beneficial to the interests of the stockholders, make an order requiring officers of the corporation, within a reasonable time, to file in court the inventories, accounts and statements required by sec. 5652, Rev. Stat., and, after that is filed by the officers of the corporation, then the court is to proceed as provided in sec. 5654, Rev. Stat., which section provides for the appointing of a receiver or referee or master, and is a proceeding to determine the questions necessary on hearing. Upon the application made under the original petition, the statute prescribes that before the court can make the order as provided in sec. 5654, Rev. Stat., a petition must be filed containing the accounts and inventories of the property of the corporation.

No such action has been filed and there never was any such action filed with the petition and only an excuse given for not filing.

There is no provision of the statute for substituting an excuse for not doing what the statute requires shall be done. And the statute contemplates that it is within the power of the court to give the petitioner access to the books that will enable him to furnish the material that he is required to set out in this petition. And that being true, his petition is not complete and does not call for the order of the court, if it does not contain the accounts and inventories.

Under sec. 5651, et seq., Rev. Stat., the court acted strictly according to law, which is required in a statutory proceeding, in refusing to make the order asked for under sec. 5654.

As to sec. 5673, Rev. Stat., the express provision of that section is that after the petition is filed containing the matters and things therein required, the first action of the court is to require the officers of the corporation within a reasonable time to file in court the inventories, accounts and statements required by sec. 5652, Rev. Stat., and the court is not authorized to make any order under sec. 5654, Rev. Stat., until such inventories, accounts and statements are filed by the officers of the corporation.

The attorney for the plaintiffs did not proceed according to this section, but immediately upon filing the petition asked the court to make the order before making the order on the officers of the corporation for the accounts required; and for this reason alone the court was justified in refusing to make the order asked for in the motion. And whether the reason assigned by the court below was a good one or not, if a reason exists, the action of that court should not be reversed by this court. But the court is given discretion in this sec. 5673, Rev. Stat.

First, upon the filing of the petition, the court shall, if it deem it beneficial to the interest of the stockholders, make the order above referred to, upon the officers of the corporation; and another discretion is given upon the final adjudication upon the petition, wherein again the court exercises its judgment as to what is to the interest of the stockholders.

We can not find from the record that there was ever any effort made to have the court proceed according to the statute and make the order upon the officers by the court; and, until such order was asked, the court had no authority under the statute to make an order which it was not authorized to make, until the order upon the officers had been made and complied with; and in the court's refusing to make such order, and refusing to proceed with the case before it was made to appear to the court that it was for the interest of the stockholders to have this corporation wound up, we find there was no error.

The judgment is affirmed.

*Dickey, Brewer & McGowan;* and *L. J. Tanney,* for plaintiff in error.

*Wilcox, Collister, Hogan & Parmely;* and *Johnson & Hackney,* for defendant in error.